MINNIE GONSALVES *vs.* JOHN BAPTISTE, *et al.*

OCTOBER 23, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Joint Tort Feasors.   Verdicts.   Actions.*

In an action against joint tort feasors the only verdict which could be rendered would be a single verdict against both of them.

*(2)   Joint Tort Feasors.   Actions.*

Where in an action against defendants as joint tort feasors, the jury returned separate verdicts undertaking to apportion the damages, the jury having been correctly instructed that plaintiff's claim being for a wrongful act on the part of defendants, if they found any liability that both defendants were equally liable, defendants motion for new trial on the ground that the verdict was against the law and unsupported by the evidence, should have been granted.

TRESPASS DE BONIS.   Heard on exceptions of defendants and exceptions sustained.

VINCENT, J.   This is an action of trespass *de bonis asportatis* brought by Minnie Gonsalves against John Baptiste and Jacob D. Jacobson.

On February 2, 1922 Baptiste, one of the defendants here, brought a suit in replevin against the above named plaintiff, Minnie Gonsalves.

The writ was placed in the hands of Jacobson, a constable authorized to make service of civil process, who, accompanied by Baptiste, made service thereof and removed from the premises of the plaintiff certain household furniture and effects.

The writ of replevin was duly entered in the District Court of the Sixth Judicial District and there dismissed for want of a sufficient bond. The plaintiff then brought her present suit to recover the damages which she alleges she sustained by reason of the action of the defendants in taking and carrying away her goods. This action is against the two defendants jointly.

The case was tried in the Superior Court before a justice thereof sitting with a jury. The jury rendered two verdicts one against Baptiste for $750. and the other against Jacobson for $25.

The verdicts were, in the absence of counsel upon both sides, accepted by the court and duly entered of record.

The defendants filed a motion for a new trial, upon the usual grounds, which was heard and denied by the trial judge.

(1) The proceeding is against the defendants as joint tort feasors. That being so, the only verdict which could be properly rendered by the jury would be a single verdict against both of them.

The jury having rendered separate verdicts against each of them it would have been competent for the trial court to have given the jury further instructions as to the correct form in which their verdict should be rendered and sent them back to their room for further consideration. This, however, was not done. The jury undertook by their verdicts to apportion the damages between the two defendants. An examination of the record discloses that there was no evidence to support a dual verdict and that such findings were in conflict with the charge of the court.

The jury were correctly instructed by the trial justice that the plaintiff's claim was for a wrongful act on the part

of the defendants who, if there was any liability, were both equally liable.

We think that the trial court should have granted the defendants' motion for a new trial on the ground that the verdict of the jury was contrary to the law as given them and unsupported by the evidence.

The case is remitted to the Superior Court with direction to give the defendants a new trial.

*Benj. W. Grim*, for plaintiff.

*Daniel A. Colton*, for defendent.